UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID P. LEONARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV898 RWS |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner David Leonard seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On July 8, 2011, Judge Blanton issued his recommendation that Lawrence's habeas petition should be denied. I granted Leonard two extensions of time to respond to Judge Blanton's Report and Recommendation.

Leonard timely filed objections to the Report and Recommendation. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt the majority of Judge Blanton's Report and Recommendation and will deny Leonard's habeas petition.

*Background*

The trial transcript reveals that the evidence at trial established that an undercover police officer purchased a gram of methamphetamine from Leonard at his apartment on April 5, 2001 around 9:00 p.m. The officer returned to the apartment later the same night and purchased an additional 3.5 grams of methamphetamine. Leonard was subsequently found guilty by a jury of two counts of sale of a controlled substance. He was sentenced as a prior offender to fifteen years imprisonment.

On direct appeal Leonard asserted that the trial judge erred by admitting certain testimony from an undercover police officer. The officer testified that when he went to Leonard's apartment the second time he smelled ether which he associated with methamphetamine production. The Missouri Court of Appeals found no error in the admission of this testimony.

Leonard raised several issues in his post-conviction motion for relief including claims of ineffective assistance of counsel for failing to seek a change of judge and failing to obtain and review the file of a criminal case against Leonard's girlfriend who was present during the first drug transaction. The post-conviction court and court of appeals denied Leonard post-conviction relief.

In his present habeas petition Leonard asserts four grounds for relief. Those grounds are:

1) The trial court erred in admitting the testimony of the undercover officer that the second time that he went to Leonard's apartment he smelled ether which he associated with methamphetamine production.

2) Trial counsel was ineffective for failing to move for a change of trial judge because the same judge had presided over his girlfriend's trial based on charges concerning the same drug transactions at issue in Leonard's case.

3) Trial counsel was ineffective for failing to investigate possible exculpitory evidence in his girlfriend's case and his counsel had a conflict of interest.

4) Trial counsel was ineffective for preventing him from testifying at trial despite his desire to do so.

In his report and recommendation, Judge Blanton found that all of Lenard's grounds for relief were without merit. Leonard objects to all of Judge Blanton's findings.

I have conducted a de novo review of Leonard's petition and find that Judge Blanton correctly found that all of Leonard's claim are without merit. However, I do not adopt part of

Judge Blanton's report regarding the identification of Leonard's girlfriend's criminal case file because there was a misidentification of the number on the file by the post-conviction judge in his finding of fact and conclusions of law.

Leonard's first ground for relief concerns the admission of testimony of the undercover officer that he smelled ether in Leonard's apartment and associated it with the production of methamphetamine. Specifically, Leonard argues that officer should not have been allowed to testify that he associated the smell with the production of methamphetamine. I have read the trial transcript and I have reviewed the Missouri Court of Appeals ruling on this issue and find no constitutional error in the admission of this evidence. The evidence was permissibly admitted as part of the *res gestae* of the crime of the sale of a controlled substance. Even if this testimony was improperly admitted, strong additional evidence supported Leonard's conviction. The testimony was not "so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998)(quotation and citation omitted).

In his second ground for relief, Leonard asserts that his counsel was ineffective for failing to move to recuse the trial judge from his case because she had presided over a case of Leonard's girlfriend. Here is where some confusion appears in this case. There were apparently two underlying cases against the girlfriend. One case number was 01CR125223 and the other case number was 01CR126094. The first case involved a traffic stop of the girlfriend in which she was charged with possession of a controlled substance. This case was assigned to the trial judge in Leonard's case. Leonard's counsel attempted to obtain access to the file but was denied access by the clerk of court because it was a closed file. Leonard's counsel, through other investigative means, determined that this case was unrelated to the transaction for which Leonard was being tried. The case was *nolle prosequied*. (These facts were confirmed at an inspection of this file in

court during Leonard's post-conviction case by the post-conviction judge.) Leonard's trial counsel purposely did not ask for a change of judge because she felt that the trial judge was very fair and unbiased and could provide Leonard with a fair trial.

Leonard asserts that his counsel was ineffective for not obtaining and reviewing case number 01CR126094. Leonard asserts that this case was the companion case to his case. The record does not contain a copy of that case file. Leonard has filed some papers which he represents are part of that case. Leonard has provided a copy of an indictment with that case number on the front. The indictment charges Leonard's girlfriend with two counts of the sale of a controlled substance. Count one is for a sale of methamphetamine in February 2001. Count II is for the sale of methamphetamine on April 5, 2001. Count II is the same sale for which Leonard was charged an tried. However, Count II was *nolle prosequied*.

Nothing in the record shows that the trial judge in Leonard's case presided over a trial in Leonard's girlfriend's case in 01CR126094. Nor does the record contain any evidence that the case even went to a trial or was the subject of pretrial proceedings. Even if Leonard's trial judge did preside over a trial of his girlfriend in 01CR126094, the related charges that Leonard faced were not part of the case because Count II of the indictment had been *nolle prosequied*.

Moreover, Leonard has failed to establish a constitutional violation. There is no constitutional mandate that a judge cannot preside over separate trials of two co-defendants on charges arising from the same incident. To establish an ineffective assistance of counsel claim Leonard must show his counsel failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances and, as a result, he was prejudiced by his attorney's actions. Strickland v. Washington, 466 U.S. 668, 687 (1984). Although Leonard asserts that he is the victim of a vast conspiracy between the judge, prosecutor, and his public defender who conspired to secure his conviction, he has failed to identify any trial

error which would not have occurred if he had obtained a change of judge. Stated another way, Leonard has not carried his burden to establish prejudice as to this claim.

In his third ground for relief, Leonard asserts that his trial counsel failed to obtain helpful evidence form his girlfriend's criminal file in companion case number 01CR126094. He also asserts he should have been granted new trial counsel based on a conflict with his attorney.

As I noted above, Leonard's claim regarding case number 01CR126094 was the subject of some minor confusion in the state court. Leonard alleges that he saw copies of a lab report from that case that stated that the substance seized was tested and found not to be methamphetamine. This report has never been produced and it is not part of the record before the Court. He asserts that this report may have been helpful to him at his trial. He claims his counsel was constitutionally deficient for failing to obtain this evidence. However, his trial counsel did attempt to obtain the evidence but was directed by Leonard to case number 01CR125223 (the car stop case) as the case to investigate but she was denied access to that file.

Leonard's post-conviction motion raised the issue of trial counsel's failure to investigate the contents of 01CR25223 because it allegedly contained the lab report. In his post-conviction motion Leonard did not assert that his trial counsel was constitutionally ineffective for failing to review the case file in case number 01CR126094. At the post-conviction hearing, the only file Leonard's post-conviction counsel sought to obtain was 01CR25223. The post-conviction judge had the file produced by the clerk of court and he and the lawyers reviewed the file and found no lab reports (this was the car stop case). Leonard's post-conviction counsel did not request an inspection of case number 01CR126094.

When the post-conviction judge wrote his judgment he stated that he reviewed the file of case number 01CR126094. He did not. He had reviewed the file of case number 01CR25223. The case number confusion appears to have been a typographical error. The post-conviction

judge's ruling, however, is fully supported by the record. Leonard's trial counsel tried to access case number 01CR25223 but was denied access. She investigated and otherwise obtained information from that file and concluded there was nothing that she found that would help Leonard's case. The post-conviction judge's review of the file at the post-conviction hearing supported trial counsel's conclusion. Leonard has not carried his burden to show that the state courts erred in finding his trial counsel was not constitutionally ineffective as to this claim.

Moreover, no official document for case number 01CR126094 has been made part of the record in this habeas proceeding. However, Leonard has submitted several documents purportedly from that case. One of which is a memorandum dated August 16, 2001, which states that Count II of the indictment (the charge related to the sale of methamphetamine for which Leonard was charged) was *nolle prosequied*. There has never been a lab report produced that supports Leonard's contention that substances analyzed in his girlfriend's case was not methamphetamine. Even if such a report existed it may have been addressing the drugs seized from the girlfriend at the sale which is the subject of Count I and unrelated to the drugs in Leonard's case.

At Leonard's trial, the custody of the drugs purchased from Leonard was thoroughly established and a lab technician testified to the fact that the drugs purchased from Leonard was methamphetamine.

Based on the foregoing, I find Leonard has failed to establish that the state courts improperly found that his counsel was not ineffective.

Leonard's second claim in his third ground for relief is that he had an irreconcilable conflict with his trial counsel which made counsel constitutionally ineffective. This claim is unsubstantiated. The state courts thoroughly reviewed this issue and found that even though Leonard filed federal lawsuits against the trial judge, the prosecutor, and his public defender

before his trial, his trial counsel did not have a conflict with Leonard which rose to the level of providing constitutionally ineffective counsel. I have reviewed the state courts' rulings and find that Leonard is not entitled to habeas relief on this claim.

Lastly, Leonard's fourth ground for relief is that his trial counsel was ineffective because she prevented Leonard from testifying at trial. Nothing in the record supports this claim. Leonard's decision to not testify was fully addressed in open court. The state courts did not err in concluding Leonard's decision not to testify was made freely and voluntarily.

I have also considered whether to issue a certificate of appealability based on the claims raised in Leonard's habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Leonard has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David Leonard's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2011.